IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00966-MSK-MJW

EUGENE WIDEMAN, JR.,

Plaintiff,

v.

AMELIA GARCIA,

Defendant.

---

ORDER REGARDING
DEFENDANT'S MOTION TO ORDER PAYMENT OF ATTORNEY FEES AND COSTS
(DOCKET NO. 46)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendant's Motion to Order Payment of Attorney Fees and Costs along with the attached Itemized Affidavit for Attorney Fees and Costs (docket no. 46). The court has reviewed the subject motion (docket no. 46) and the Pro Se Plaintiff's Response captioned: **"Motion in Objections to the Court Order of Monetary Sanctions"**(docket no. 45). In addition, the court has reviewed and taken judicial notice of the record before Magistrate Judge Watanabe on March 3, 2009, and the court's file. Furthermore, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to the lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the court incorporates by reference paragraphs 1 through 6, inclusive, as outlined in the subject motion (docket no. 46);

5. That the court incorporates by reference my specific findings as outlined on the record on March 3, 2009 (docket no. 42); and,

6. That the benchmark for an award of attorney's fees under nearly all of the federal statutes authorizing an award of attorney's fees is that the amount of the fees awarded be reasonable. Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996).

    In this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), and Blanchard v. Bergeron, 489 U.S. 87 (1989). Taking

these factors into consideration, this court finds that the hourly attorney rate of $125.00 charged by Defendant's attorney, Wesley Hassler, is a fair and reasonable hourly rate for attorneys practicing law in Denver, Colorado. In addition, the court finds that the time spent by Defendant's attorney is also fair, reasonable, and necessary. *See* itemized affidavit by Defendant's attorney, Wesley Hassler. Furthermore, the time spent and the money lost by Defendant Amelia Garcia is also fair and reasonable. Accordingly, the Pro Se Plaintiff should pay to the Defendant the sum of $729.42 in order to restore the dignity of this court for his Plaintiff's failure to comply with this court's Order regarding filing a timely confidential settlement statement and his failure to appear at the Settlement Conference on February 4, 2009.

**ORDER**

**WHEREFORE,** based upon these findings of fact and conclusions of law, the court **ORDERS:**

1. That Defendant's Motion to Order Payment of Attorney Fees and Costs (docket no. 46) is **GRANTED**;

2. That Pro Se Plaintiff Eugene Wideman, Jr., shall pay to Defendant Amelia Garcia the amount of $729.42, on or before April 15, 2009; and,

3. That the Pro Se Plaintiff's Response captioned: **"Motion in**

**Objections to the Court Order of Monetary Sanctions"** (docket no. 45) is **DENIED**.

Done this 30th day of March 2009.

                BY THE COURT

                <u>S/ Michael J. Watanabe</u>
                MICHAEL J. WATANABE
                U.S. MAGISTRATE JUDGE