IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00966-MSK-MJW

EUGENE WIDEMAN, JR.,

      Plaintiff,

v.

AMELIA GARCIA,

      Defendant.

---

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on the Defendant Amelia Garcia's motion to dismiss **(#34),** to which the Plaintiff Eugene Wideman responded **(#39)** and Ms. Garcia replied **(#41)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Issue Presented

In this action, Mr. Wideman brings two claims pursuant to 42 U.S.C. § 1983[1] against his former girlfriend, Ms. Garcia. He contends that certain actions by Ms. Garcia impacted his parental rights with regard to the couple's daughter. He previously also stated claims against the State of Colorado, but voluntarily dismissed such claims (**#42**).

---

[1] The Complaint does not differentiate Mr. Wideman's claims; however, the Court discerns two separate claims from the Complaint's allegations, one for violations of Mr. Wideman's First Amendment rights and one for violations of his Fourth Amendment rights.

In her Motion to Dismiss, Ms. Garcia contends that the Complaint fails to demonstrate that her alleged actions constitute state action. Therefore, the sole issue presented is whether the Complaint sufficiently alleges a state action.

### III.  Material Facts

Focusing on the Complaint and construing the allegations most favorably to Mr. Wideman,[2] the Court observes the following. This action arises out of a domestic relations dispute. Following the state court's determination of the parties' parental rights, Ms. Garcia filed four complaints against Mr. Wideman through various state agencies alleging assault, child abuse, and attempted kidnapping. The complaints were investigated by the respective agencies, but no charges were ever filed.

Mr. Wideman alleges that Ms. Garcia's actions violated his Fourth Amendment rights because he was investigated, his parenting time was decreased, and he was required to pay additional child support. In addition, he alleges that Ms. Garcia's actions violated his First Amendment rights by "seeking to persecute him for crimes due to his race." Mr. Wideman is of African-American descent. He contends that Ms. Garcia has taken advantage of a community-

---

[2] In construing the allegations in the Complaint (**#1**), the Court is mindful that Mr. Wideman is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court , however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

wide prejudicial attitude toward to people of African-American descent in Pueblo, Colorado to deprive him of his rights.

### IV. Analysis

Ms. Garcia moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if the complaint does not contain enough facts to make the claim " plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556). Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Section 1983 creates "a private right of action against any person who, under color of state law, deprives another individual of 'any rights, privileges or immunities secured by the Constitution and laws.'" *Ripley v. Wyo. Med. Ctr., Inc.*, 559 F.3d 1119, 1122 (10th Cir. 2009). To state a claim under section 1983, a plaintiff must allege (I) the violation of a constitutional or federal statutory right and (ii) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S.

527, 535 (1981)). Here, Ms. Garcia contends that the Complaint fails to contain sufficient facts to establish the second element - state action by her.

In determining whether conduct constitutes state action, the Court uses to a two-part test: (I) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (ii) the party alleged to be responsible for the deprivation must be fairly considered to be a state actor. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Actions by a private party may constitute state action if the actions are reasonably chargeable to the state, such as when the private party has acted in concert with or received significant assistance from state officials. *See id.* The Supreme Court has articulated four separate tests to determine when a private party's actions constitute state action: (1) the public function test; (2) the nexus test; (3) the symbiotic relationship test; and (4) the joint action test. *See Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002). The Court notes, however, that these tests are used merely as a lens to focus on the fact-intensive nature of a state action determination and the ultimate question remains whether the private party's actions are fairly attributable to the state. *See Tool Box v. Ogden City Corp.*, 316 F.3d 1167, 1176 (10th Cir. 2003). In this case, the Court finds that the Complaint fails to state sufficient facts to satisfy any of the tests.

    A.    <u>Public Function Test</u>

The public function test asks whether the State has delegated to a private party "a function traditionally exclusively reserved to the States." *Johnson*, 293 F.3d at 1203. Traditionally, this occurs when private parties perform tasks such as holding elections or necessary municipal functions. *Id.* In this case, the Complaint does not allege that Colorado delegated any function to Ms. Garcia, much less one that is traditionally exclusively reserved to

4

the it. Rather, all allegations regarding Ms. Garcia concern her actions as a private individual. As a consequence, there are inadequate facts to satisfy the public function test.

### B. Nexus Test

The nexus test requires that there be a "sufficiently close nexus" between the conduct at issue and the State such that the conduct can be thought of as the conduct of the State itself. *See id.* To meet this test the State must have extended such strong coercion or encouragement to the private party that the action is actually that of the State. *Id.* It is not sufficient that the private party has merely availed themselves of the available judicial procedures. *Id.* (citing *Lugar*, 457 U.S. at 939 n.21). Here, there are no allegations that Colorado or any state official encouraged or coerced Ms. Garcia to take action. The Complaint only states that she availed herself of the Colorado legal system. There are no facts to satisfy the nexus test.

### C. Symbiotic Relationship Test

Under the symbiotic relationship test, a plaintiff must show that the State has entered into such a close, interdependent relationship with the defendant that the State can be considered to be a joint participant in the defendant's actions. *See id.* at 1204. Traditional relationships with the State such as state regulation, receipt of state funds, or performance of public functions are not sufficient. *See id.* Rather, there must be a "symbiotic relationship", *i.e.*, a close union that is mutually beneficial and interdependent.[3] *See Johnson*, 293 F.3d at 1205 (defining "symbiosis").

---

[3] In *Johnson*, the Tenth Circuit discussed the concept of "entwinement", introduced in *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 302 (2001), as a related concept in the symbiotic relationship test. A careful reading of *Brentwood*, however, reveals that "entwinement" is not necessarily an element of the symbiotic relationship test. *See Brentwood*, 531 U.S. at 296 (acknowledging various tests for determining state action but relying on examples to conclude that a defendant was a state actor based on "the pervasive entwinement" between the defendant and state officials). Rather, the concept merely reemphasizes that courts should focus on the overarching determination in a state action analysis of whether the private party's actions can be fairly attributed to the State. *See Tool Box*, 316 F.3d at 1167.

In this case, the Complaint suggests that Ms. Garcia invoked local prejudicial attitudes to violate of Mr. Wideman's constitutional rights. Assuming this to be true, without determining that it is, this does not rise to the level of an interdependent relationship between Ms. Garcia and the state of Colorado. There are no allegations that state actors had a relationship with Ms. Garcia, were aware of her attempts to invoke prejudice, or acquiesced in her attempt to do so. Indeed, Mr. Wideman voluntarily dismissed all claims against the State of Colorado. Ms. Garcia simply exercised her rights in the state legal system. The Complaint does not contain sufficient facts to demonstrate a close, interdependent relationship between Ms. Garcia and state officials.

        D.      <u>Joint Action Test</u>

Finally, the joint action test requires that the defendant and the State willfully participated in joint action to deprive the plaintiff of his constitutional rights. Under this test, a State must have actively and significantly cooperated with the defendant. Again, the Complaint is deficient. It does not allege intentional cooperation between Ms. Garcia and state officials. Although the Complaint alludes to a conspiracy between Ms. Garcia and state officials, there are no factual allegations as to any agreement between Ms. Garcia and any state official as to the matters determined by the state courts. Instead, it appears from the facts alleged, that state officials merely performed their usual function in determining issues before them. It is only because the outcome of determinations made by state courts did not favor Mr. Wideman, and instead favored positions taken by Ms. Garcia, that he speculates that they have acted jointly. Merely because an outcome is unfavorable to a plaintiff does not mean that the tribunal has cooperated or conspired with the opposing party. The Complaint fails to state sufficient facts to satisfy the joint action test.

Accordingly, the Court finds that the Complaint fails to allege sufficient facts to establish

that Ms. Garcia's conduct constitutes state action.[4]  Necessarily Mr. Wideman's claims against Ms. Garcia must be dismissed.

In some circumstances deficiencies in pleading can be cured, however Mr. Wideman has not requested the opportunity to amend, has not suggested the existence of any other facts that could be pled to remedy the identified deficiency, has dismissed all claims against the State of Colorado, and the date for amendment of pleadings was December 31, 2008.  As a consequence, it does not appear that amendment of the Complaint is appropriate or would result in a cognizable federal claim.

Finally, although Ms. Garcia moves for attorney fees, she has not provided sufficient information for the Court to determine this issue.

**IT IS THEREFORE ORDERED** that

(1) Defendant Amelia Garcia's motion to dismiss **(#34)** is **GRANTED**.  All of Mr. Wideman's claims against Ms. Garcia are **DISMISSED;** and

---

[4] Given the Court's determination on Ms. Garcia's Rule 12(b)(6) motion, it is not necessary to address the identical arguments that she makes pursuant to Rule 12(b)(1).

(2) Defendant Amelia Garcia shall have twenty days to file a motion for attorney fees that complies with all local rules. Within 10 days thereafter, Plaintiff Eugene Wideman may respond.

Dated this 28th day of August, 2009

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge